**HINE LAW PLLC**
P.O. Box 170096, Brooklyn, NY 11217
(406) 272-2481 | nth@hine.law

July 20, 2026

By ECF
The Honorable Nina R. Morrison
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *United States v. Syed Rubel Ahmed*, 23-CR-278 (NRM)

Dear Judge Morrison,

  The undersigned represent Syed Rubel Ahmed in this matter. On behalf of Mr. Ahmed and co-defendant Sultana Razia, we respectfully submit the following points of law for the Court's consideration during the detention hearing on July 23, pursuant to the Court's request, Tr. 2661–62.

  As the Court is aware, the government moved to remand Mr. Ahmed and Ms. Razia under 18 U.S.C. § 3143(a)(2). Section 3143(a)(2) applies, *inter alia,* to anyone found guilty of an offense for which the maximum sentence is life imprisonment. 18 U.S.C. § 3142(f)(1)(B). The Court has broad discretion to deny the government's motion under sections 3143 and 3145. *See United States v. McAllister*, 974 F.2d 291, 292 (2d Cir. 1992); *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991).

  Under section 3143(a)(2), as applicable here, an individual awaiting imposition of sentence shall be detained unless (1) "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted," and (2) "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). The "substantial likelihood" finding is simply a prediction of the "judge's own actions." *McAllister*, 974 F.2d at 292.

  The Court has already held that no reasonable jury could find that Mr. Ahmed or Ms. Razia agreed to join the charged kidnapping conspiracy. Given this ruling, while the grant of the respective renewed Rule 29 motions is by no means guaranteed, there is at least a substantial likelihood that the Court will find that the government failed to prove beyond a reasonable doubt that Mr. Ahmed and Ms. Razia intended to aid and abet the kidnapping.

  Though Mr. Ahmed and Ms. Razia qualify for release under section 3143(a)(2), even if they did not, they would qualify for release under 18 U.S.C. § 3145(c) if (1) the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community

1

if released, and (2) "it is clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate." 18 U.S.C. §§ 3145(c), 3143(a)(1).

"The Supreme Court has never addressed the meaning of the 'exceptional reasons' provision, and the Second Circuit has addressed it only sparingly." *United States v. Chavez*, 710 F. Supp. 3d 227, 231 (S.D.N.Y. 2024). The Second Circuit has said that exceptional circumstances exist where there is "a unique combination of circumstances giving rise to situations that are out of the ordinary." *DiSomma*, 951 F.2d 497. The Circuit gives district courts broad discretion in making case-by-case evaluations of whether exceptional reasons exist. *Id.*; *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) ("The test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'")[1]

A district court's discretion is "constrained only by the language of the statute: 'exceptional reasons'," *DiSomma*, 951 F.2d at 497, and courts in the Second Circuit have found exceptional reasons in a variety of circumstances. First, the dreadful conditions at the Metropolitan Detention Center have qualified as exceptional reasons. *See Chavez*, 710 F. Supp. 3d at 236–37 (collecting cases). Second, where a defendant bears sole responsibility for operating a business and has children, the need to arrange business and family affairs and provide emotional support for his children can satisfy the exceptional reasons standard. *United States v. Sabhnani*, 529 F. Supp. 2d 377, 383 (E.D.N.Y. 2007). Finally, the possibility of a non-custodial sentence can constitute an exceptional reason. *See, e.g.*, *United States v. Meyer*, 14 Cr. 183 (Koeltl, *J.*), ECF No. 36, at 4; *United States v. Brunson*, 16 Cr. 461 (Failla, *J.*), ECF No. 17, at 47–53.

Mr. Ahmed's bail should be continued pending sentencing under either or both section 3143(a)(2) and 3145(c), for reasons that we will explain in detail at the upcoming detention hearing. We understand that Ms. Razia's counsel takes the same position.

Respectfully submitted,

/s/
Nicholas T. Hine
Matthew J. Kluger
*Attorneys for Syed Rubel Ahmed*

---

[1] In *Lea*, the Second Circuit noted a district court's commentary that "circumstances that are 'purely personal' do not typically rise to the level of 'exceptional' warranting release." *Lea*, 360 F.3d at 403 (quoting *United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001)). But the Second Circuit has never squarely held that personal circumstances cannot constitute exceptional circumstances, and the *Lippold* dicta is not binding on this Court.